UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-302-H

MICHAEL DOOLEY                                                    PLAINTIFF

V.

KENTUCKY CUSTOM CYCLES, INC.
and
DEW MANUFACTURING, INC.
d/b/a CUSTOM CYCLE ENGINEERING CO.                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Michael Dooley ("Dooley") filed suit against Kentucky Custom Cycles, Inc. ("KKCI") and Dew Manufacturing, Inc. ("Dew"), claiming negligence, strict products liability, and breach of implied warranty. Dew is a California corporation with its principal place of business in Oceanside, California. Dew is not licensed to do business in Kentucky, does not maintain any offices in Kentucky, and does not own any property in Kentucky. Dew manufactures and sells motorcycle parts. More important, Dew manufactured a front wheel spool hub that it sold to KKCI, a Kentucky corporation and retailer of motorcycle parts. KKCI subsequently sold the part to Dooley. Dooley claims that, as a result of KKCI's and Dew's negligence, the spool hub malfunctioned and he was injured. Dew moved to dismiss the claims on the grounds that, *inter alia*, the Court does not have personal jurisdiction. For the reasons that follow, the Court agrees with the motion.

"To subject a nonresident defendant to personal jurisdiction without violating due process, the defendant must have 'minimum contacts' with the forum 'such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Papa John's*

*Int'l., Inc. v. Entm't Mktg. Int'l, Ltd.*, 381 F. Supp. 2d 638, 641 (W.D. Ky. 2005) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). In the Sixth Circuit, in order to determine whether a defendant has the requisite minimum contacts, courts apply the three-part test established in *Southern Machine Co. v. Mohasco Indus., Inc.,* 401 F.2d 374 (6th Cir.1968). *Id*. The test requires that: 1) the defendant purposefully avail himself of the privilege of acting in or causing a consequence in the forum state; 2) the cause of action arise from the defendant's activities in the forum state; and 3) the acts of the defendant or consequences cause by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. *Southern Machine,* 401 F.2d at 381.

Plaintiff has the burden of establishing personal jurisdiction over another party, *Papa John's*, 381 F. Supp. 2d at 641. The Court must view the facts of this case in the light most favorable to Plaintiff. *Papa John's*, 381 F. Supp. 2d at 641. Nonetheless, the facts, as pled by Plaintiff, fail to satisfy the third part of the *Southern Machine* test.[1] The third part of the test demands that the acts of the defendant or consequences caused by the defendant have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable. Dew's acts – concerning the alleged negligent manufacturing of the front wheel spool hub – have no connection to Kentucky because they took place in California. Furthermore, Dooley has failed to establish that the consequences caused by Dew's alleged negligence have any connection to Kentucky. Nowhere in the pleadings does Dooley allege that the accident took place in Kentucky. In fact, Dooley never states where the accident took place at

---

[1] The Court has not made a determination as to whether plaintiff has satisfied the first or second part of the test. Nevertheless, the Court acknowledges that it seems doubtful that plaintiff could establish purposeful availment on the part of Dew considering that Dew's only contacts with Kentucky consist of sending the spool hub to Kentucky and sending KKCI an annual catalog.

all, and if it did take place in Kentucky, Dooley has had sufficient time to bring such a crucial fact to the attention of the Court. Under the due process analysis, this Court could not exercise personal jurisdiction over a defendant where both the acts causing the tortious injury and the tortious injury itself occurred outside of Kentucky.

"[T]he specific provisions of the [long-arm] statute in many cases will provide courts with addition guidance or lend clarity" when undergoing a due process analysis for the purpose of determining personal jurisdiction. *Auto Channel, Inc. v. Speedvision Network, LLC*, 995 F.Supp. 761, 764, n. 3 (W.D. Ky. 1997). The circumstances here also do not satisfy the requirements of the Kentucky long-arm statute. The Kentucky long-arm statute only provides jurisdiction when the act causing the tortious injury occurred in Kentucky or when the tortious injury occurred in Kentucky. *KRS 454.210(2)(a)(3)*; *KRS 454.210(2)(a)(4)*. As a general matter, the statute does not provide jurisdiction where the act causing the tortious injury occurred outside of Kentucky and the tortious injury occurred outside of Kentucky as well.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that this Court may not exercise personal jurisdiction over Dew Manufacturing, Inc. and, therefore, its motion to dismiss is SUSTAINED and Dew is DISMISSED from this lawsuit.

cc: Counsel of Record